IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOYT ARCHERY, INC., a Utah corporation,<br><br>      Plaintiff,<br>v.<br><br>G5 OUTDOORS, L.L.C., d/b/a PRIME ARCHERY, a Michigan limited liability company,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00750-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

  Before the court is Defendant G5 Outdoors LLC, d/b/a Prime Archery's Motion to Stay Discovery and Other Deadlines until resolution of a motion to dismiss for lack of personal jurisdiction.[1] For the reasons explained below, Defendant's Motion is DENIED.

## BACKGROUND

  Plaintiff Hoyt Archery, Inc. filed this lawsuit on December 22, 2021. Subsequently on March 9, 2022, Plaintiff filed an unopposed motion for leave to file First Amended Complaint that the court granted. Defendant Prime Archery has yet to file an Answer.

  Plaintiff "is a world-leading developer, manufacturer, and marketer of archery bows and related accessories." Amended Compl. ¶6 (ECF No. 24.) It operates a website at www.hoyt.com, where consumers can learn and shop for Hoyt's products. Plaintiff also actively markets its products on social media. Through its use and marketing, Plaintiff asserts rights to the "IN-LINE" mark. Hoyt brings claims for trademark infringement, unfair competition, and false

---

[1] The motion is before the undersigned based on a referral from Judge Howard C. Nielson, Jr. (ECF No. 15.) The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1.

designation of origin under the Lanham Act along with unfair competition and trademark claims under the common law.

Prime moves the court to stay discovery and other deadlines until resolution of a motion to dismiss for lack of personal jurisdiction, which Defendant plans to file on March 24, 2022. Prime asks the court to stay this matter until that motion is decided because (1) its burden outweighs Plaintiff's interest in discovery because it may implicitly waive its lack-of-personal-jurisdiction defense; (2) Defendant would be prejudiced by having to engage in expensive and burdensome discovery; (3) the court's convenience and public interest favors a stay; and (4) a stay will promote judicial economy by limiting the time and expense of discovery until the motion is addressed.

In response, Hoyt contends Defendant has not met the burden needed for a stay. Specifically, Hoyt points to the fact that the motion has yet to be filed, so at best it is premature to enter a stay. Additionally, the mere filing of a potentially dispositive motion based on jurisdictional issues does not provide an adequate basis for a stay. Further, a lack-of-personal-jurisdiction defense is not waived unless Defendant actively participates in the case before filing its motion, and even if there is some burden in discovery, that discovery would be used elsewhere when the case is refiled.

## LEGAL STANDARD

The court has broad discretion in deciding whether to issue a stay of discovery. *See White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015); *Diaz v. The Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). "The right to proceed in court should not be denied except under the most extreme circumstances," thus, the movant seeking a stay "must make a strong showing of necessity[.]"

*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quotation marks and citation omitted). When applying for a stay, a party must demonstrate "a clear case of hardship or inequity" if "even a fair possibility" exists that the stay would damage another party. *Span–Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir.1985) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)) The party seeking a stay therefore "generally faces a difficult burden." *White Knuckle*, 2015 WL 5022579, at *1 (quoting *SWEPI, LP v. Mora Cnty., N.M.*, Case No. CIV 14–0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014)).

Prime argues that when considering the instant motion for stay, the court should evaluate: "'(1) the interest of the plaintiff[ ] in proceeding expeditiously with discovery and the potential prejudice to the plaintiff[] of a delay"; "(2) the burden on the defendant[ ]"; "(3) the convenience to the Court"; "(4) the interest of nonparties"; and "(5) the public interest.'" Mtn. p. 2 (quoting *Martin v. SGT, Inc.* No. 2:19-cv-289, 2019 WL 12043488, at *1 (D. Utah Aug. 21, 2019)). That standard, however, relied on a standard articulated in *F.D.I.C. v. Renda*, No. 8502216-O, 1987 WL 348635, at *2 (D.Kan. 1987), which involved the motion to stay proceedings until after resolution of criminal charges. Here, no other proceeding or criminal charges are pending. Accordingly, the court applies the "strong showing of necessity" standard. *See Classic Holdings LLC v. Harrower*, No. 220cv824 RJS, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021); *White Knuckle*, 2015 WL 5022579 at *1.

## ANALYSIS

Prime fails to make the requisite strong showing of necessity to justify the motion to stay. First, the motion was just filed on March 24, 2022. (ECF No. 27.) The mere filing of a potentially dispositive motion based on jurisdictional grounds does not provide a basis for the

court to grant a stay. See *Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *1 (D.N.M. May 13, 2015) (Fabara I) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction). At this stage of the litigation it is not certain Defendant's Motion to Dismiss will be successful. Second, even if the court were to dismiss the case for lack of personal jurisdiction, Hoyt could refile it in another district and the discovery requests would remain the same. See *Fabara I*, 2015 WL 3544296, at *11 (noting that if the court were to grant the pending motion to dismiss, the plaintiff would refile the case in Oklahoma and use the same evidence already gathered in the initial discovery proceedings conducted in New Mexico). The use of any discovery here in another proceeding undermines Prime's assertions of burden and expense in proceeding with discovery.

Third, as noted by this court in another case, engaging in discovery would not jeopardize Prime's lack-of-personal-jurisdiction defense. See *Classic Aviation Holdings*, 2021 WL 633587 at *3. A defendant may implicitly waive their lack-of-personal-jurisdiction defense by actively participating in the case or by waiting a significant period of time before submitting a Federal Rule of Civil Procedure 12(b)(2) motion. *Id.* (citing *Fabara v. GoFit, LLC*, 308 F.R.D. 380, 393 (D.N.M. 2015), as amended (Aug. 20, 2015) (Fabara II) (collecting cases)). Defendant has not filed an Answer in this case, and to date has not actively participated. Further, as explicitly acknowledged by Hoyt in its opposition to the motion, the "defense is not waived unless Defendant actively participates in the case before filing its motion." Op. p. 2 (emphasis omitted) (citation omitted). Prime's stated fears of waiving its defense are unfounded based on the facts before the court.

In sum, Defendant has failed to identify any "extreme circumstances" justifying a stay. Prime has not shown with particularity how participation in discovery would be burdensome,

4

unnecessary, or prejudicial. See *Fabara I,* 2015 WL 3544296, at *11 ("Defendants in civil cases face an uphill battle in putting the brakes on discovery," particularly where the number of factual issues is relatively small, the discovery requests are not burdensome, and the defendant has failed to show how it will suffer prejudice.). Defendant has also failed to show that it will lose its lack-of-personal-jurisdiction defense. Accordingly, the court concludes that Defendant has not met its heavy burden in making a strong showing of necessity.

## ORDER

For the foregoing reasons, Defendant's Motion is DENIED.

DATED this 24 March 2022.

_____
Dustin B. Pead
United States Magistrate Judge